# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GILBERTO GONZALEZ, #K-69916, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-CV-287-NJR ) |
| WEXFORD HEALTH SOURCES, INC, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. Plaintiff Gilberto Gonzalez, an inmate currently housed at Menard Correctional Center ("Menard"), filed this action pursuant to 42 U.S.C. § 1983. Plaintiff brings allegations pertaining to the conditions at Menard generally (overcrowding, lack of exercise, and sanitary conditions) and the medical care he is receiving for a broken thumb. On March 20, 2017, this case was opened without payment of a filing fee or the filing of a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion"). On March 20, 2017, the Clerk of Court sent Plaintiff a letter (Doc. 5) advising him that he must prepay the filing fee of $400.00 or file an IFP Motion within thirty days. To date, Plaintiff has not complied with the Court's directive. As discussed more fully below, however, a review of the docket indicates that an administrative error likely contributed to Plaintiff's inaction.

The letter directing Plaintiff to prepay the filing fee or file an IFP Motion (Doc. 5) contained an incorrect case number. The Clerk of Court attempted to correct this error by

sending Plaintiff a new letter with a corrected case number. (Doc. 6). Unfortunately, however, the Clerk of Court mailed the wrong letter. The letter that was actually mailed to Plaintiff indicates that the Court is in receipt of Plaintiff's IFP Motion. (Doc. 6). <u>To be clear, the Court is not in receipt of Plaintiff's IFP Motion</u>. The Court's mistake likely contributed to Plaintiff's failure to prepay his filing fee or file an IFP Motion. Accordingly, the Court is extending the deadline to do one of those things.

Plaintiff is hereby **ORDERED** to provide the Court with a filing fee of $400.00 or a properly completed IFP Motion on or before **June 27, 2016**. If Plaintiff files an IFP Motion, the Court will review Plaintiff's trust fund account statement for the 6-month period immediately preceding the filing of this action. Plaintiff has already filed this statement with the Court. (Doc. 3). Accordingly, nothing additional is required from the Trust Fund Officer at Menard. In order to assist Plaintiff with this matter, the Clerk is **DIRECTED** to mail Plaintiff a copy of the form IFP Motion.

Plaintiff has also filed a Motion to Compel Defendants to Send Him Forma Pauperis Form. (Doc. 4). This Motion is **DENIED** as unnecessary. As noted above, the Court is in receipt of Plaintiff's trust fund account statement for the relevant period. Nothing additional is needed from Menard's Trust Fund Officer.

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his address. The Court will not independently investigate Plaintiff's whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.

**Finally, Plaintiff is WARNED that failure to comply with this Order shall result in dismissal of this action for want of prosecution and/or for failure to comply with a court**

order under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  May 26, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**