## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

GILBERTO GONZALEZ,     )
#K-69916,     )
     )
     Plaintiff,     )
     )
     vs.     )     **Case No. 17-CV-287-NJR**
     )
WEXFORD HEALTH SOURCES, INC.,     )
KIMBERLY BUTLER,     )
JOHN DOE, 1,     )
JOHN DOE 2,     )
JANE DOE,     )
JOHN DOE 4,     )
BALDWIN, and     )
LASHBROOK,     )
     )
     Defendants.     )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now before the Court is a Motion for Reconsideration (Doc. 17) filed by Plaintiff

Gilberto Gonzalez, an inmate currently housed at Menard Correctional Center ("Menard"). In the

Motion for Reconsideration, Plaintiff challenges certain aspects of the Order Referring Case

dated July 17, 2017. (Doc. 10). Plaintiff asks the Court to reinstate the following: Count 1, an

Eighth Amendment conditions of confinement claim as to Defendants Wexford and Oakley;

Count 4, a First and/or Fourteenth Amendment claim pertaining to inadequate law library staff;

Count 3 (misidentified in the Motion for Reconsideration as Count 5), a First Amendment claim

pertaining to lost or delayed mail; and Count 6, an Eighth Amendment claim for deliberate

indifference to Plaintiff's medical needs on December 23, 2016 (for canceling a medical

appointment during lockdown). For the reasons set forth below, Plaintiff's motion will be denied.

<u>**Standard of Review**</u>

In his motion (Doc. 17), Plaintiff invokes no statutory basis for relief. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Different time-tables and standards govern these motions.

A Rule 59 motion must be filed within 28 days of the order being challenged. Rule 59(e) authorizes the Court to correct its own manifest errors of law or fact and to consider newly discovered material evidence. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). *See also Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). The Seventh Circuit has made it clear, however, that the rule "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876.

A Rule 60(b) motion must be filed within a "reasonable time," and, for the motions described in Rule 60(b)(1)-(3), within one year of the order being challenged. *See* FED. R. CIV. P. 60(c)(1). Rule 60(b) allows a court to relieve a party from an order or judgment because of a mistake, surprise, or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59 motion; or any other reason justifying relief. *See* FED. R. CIV. P. 60(b)(1)-(5). The reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to

obtain a reversal by direct appeal. *See, e.g., Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009).

Plaintiff's motion is timely under Rules 59(e) and 60(b). (Doc. 17). He filed the motion within 28 days of the Order Referring Case. (*See* Doc. 10). However, the motion does not identify a viable reason for granting relief under either rule. Plaintiff's arguments focus on the Court's without prejudice dismissal of certain claims and defendants for failure to include sufficient factual allegations in the Complaint. In arguing for reconsideration, Plaintiff advances additional facts and allegations in support of the specified claims. Additionally, at times, Plaintiff simply takes umbrage with the Court's analysis. Neither argument justifies granting relief under Rule 59(e) or Rule 60(b). Accordingly, the Motion for Reconsideration must be denied.

As set forth more fully below, to the extent Plaintiff believes there are additional facts that support proceeding on one of the challenged claims (or for reinstating a particular defendant), he must seek leave to file an amended complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15.1.

## <u>Discussion</u>

### *Count 1 – Deliberate Indifference as to Wexford*

Count 1 is an Eighth Amendment conditions of confinement claim pertaining to the conditions in Plaintiff's cell. The Complaint alleges Wexford failed to conduct certain safety checks required by state law – checks that allegedly would have revealed Plaintiff's cell conditions were unlivable. The Complaint does *not* allege Plaintiff's cell conditions were the result of a *policy* that can be attributed to Wexford.[1] As explained in the Referral Order, this is insufficient. An alleged violation of a prison rule or regulation does not, by itself, establish a

---

[1] Plaintiff did, however, allege that his inadequate medical care was attributable to a Wexford policy (Count 2). As such, Count 2 was allowed to proceed against Wexford.

constitutional violation. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Accordingly, Count 1 was dismissed as to Wexford without prejudice.

In his Motion for Reconsideration, Plaintiff presents additional arguments pertaining to Wexford's failure to follow mandatory rules or guidelines. As previously explained, such a claim, standing alone, is insufficient. Plaintiff also suggests, for the first time, that Wexford was responsible for a policy that contributed to the alleged unconstitutional conditions of confinement. This new allegation does not provide a basis for granting a motion to reconsider. Instead, this claim can only be pursued by seeking leave to file an amended complaint in accord with federal and local rules.

### Count 1 – Deliberate Indifference as to Oakley

The Complaint alleges Oakley, a grievance counselor, denied a grievance pertaining to Plaintiff's cell conditions. The denial of a grievance, standing alone, generally states no claim. *See George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Additionally, the Complaint does not suggest that Oakley "turned a blind eye" to an alleged constitutional violation. *See e.g., Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015). Accordingly, Count 1 was dismissed as to Oakley without prejudice for failure to state a claim.

In his Motion for Reconsideration, Plaintiff offers additional facts regarding Oakley's responsibilities as a grievance counselor and her conduct in connection with Plaintiff's grievance. Plaintiff argues these facts establish Oakley is subject to liability with respect to

Count 1. While these newly alleged facts *may* provide support for granting a motion to amend, they do not provide a basis for granting reconsideration.

**Count 3 – Lost or Delayed Mail**

Count 3 (mistakenly identified as Count 5 in the Motion for Reconsideration) is a First Amendment claim pertaining to lost or delayed mail. The Complaint alleges that, due to inadequate staffing, mail deliveries at Menard are often delayed or lost. As the Court recognized in its Referral Order, "a continuing pattern or repeated occurrences" of mail interference may state a viable constitutional claim. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). The allegations in the Complaint do not state a claim, however, because Plaintiff fails to allege that *his* mail has been lost or delayed. Generally alleging that mail is lost or delayed at Menard states no claim.

The Motion for Reconsideration presents no argument suggesting that the without prejudice dismissal of this claim warrants reconsideration.

**Count 4 – Inadequate Law library**

Count 4, an access to the courts claim pertaining to alleged law library inadequacies, was dismissed without prejudice for failure to state a claim. Specifically, Plaintiff failed to associate an injury or hindrance with the alleged inadequacies. In his Motion for Reconsideration, Plaintiff asserts numerous additional facts in an effort to correct this deficiency. These additional allegations could have been included in the original Complaint and do not provide a basis for reconsideration.

**Count 6 – Deliberate Indifference (Missed Medical Appointment)**

The Complaint alleges that Wexford, Trost, Butler, Baldwin, and Doe 1 have implemented a policy whereby all medical appointments are cancelled when the facility is on

lockdown. (Doc. 1, p. 23). As a result, Plaintiff contends his medical call pass was canceled. (Doc. 1, p. 24). Other than directing the Court to Exhibit F, the Complaint does not provide any additional detail with respect the cancelled appointment. Exhibit F merely indicates that a single appointment, on December 23, 2016, was cancelled because Menard was on lockdown. (Doc. 1, p. 45). These minimal allegations do not sufficiently allege a claim for deliberate indifference. Accordingly, Count 6 was dismissed without prejudice.

In his Motion for Reconsideration, Plaintiff alleges that the missed appointment was a follow-up appointment for his broken thumb. (Doc. 17, p. 11). Plaintiff further alleges that, because of the missed appointment, he was not treated for eight days and suffered unnecessary pain. *Id.* Once again, Plaintiff is attempting to fill holes in his Complaint by providing the Court with additional facts in his Motion for Reconsideration. This is improper.

To summarize, the Motion for Reconsideration does not identify any mistake, inadvertence, surprise, or excusable neglect. It also fails to identify any manifest errors of law or fact and does not present newly discovered material facts. Instead, Plaintiff is attempting to correct deficiencies in the Complaint by including new facts and allegations in his Motion for Reconsideration. In other words, Plaintiff is attempting to expand the allegations in his Complaint by filing a motion to reconsider. Rules 59(e) and 60(b) cannot be used for this purpose. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (plaintiff can add allegations to an existing complaint only by filing a complete amended complaint, which will supersede all previous complaints).

The proper method to change or add allegations to a complaint is by means of an amended complaint. If Plaintiff wants to pursue these claims, he must file an amended complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15.1.

**<u>Disposition</u>**

Plaintiff has not stated any grounds for relief within the scope of Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. Upon review of this matter, the Court remains persuaded that the challenged aspects of the Order Referring Case were correct. For this reason, the Motion for Reconsideration (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 10, 2017**

                                             _____
**NANCY J. ROSENSTENGEL**
**United States District Judge**