# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GILBERTO GONZALEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17-CV-287-NJR-DGW** |
| | ) | |
| **WEXFORD HEATH SOURCES, INC.,** | ) | |
| **KIMBERLY BUTLER, JOHNDOES 1-4,** | ) | |
| **JOHN BALDWIN, and JACQUELINE** | ) | |
| **LASHBROOK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 34) regarding the motion for summary judgment filed by Defendant Wexford Health Sources, Inc. ("Wexford") (Doc. 29). The motion seeks summary judgment on the issue of exhaustion of administrative remedies. The Report and Recommendation was entered on April 18, 2018, and recommends denying the motion for summary judgment filed by Wexford (Doc. 34). No objection to the Report and Recommendation was filed.

Plaintiff Gilberto Gonzalez ("Gonzalez"), an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights (Doc. 1). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Gonzalez was permitted to proceed on the following claims:

**Count 1 –** Eighth Amendment conditions of confinement claim against Wexford, Butler, John Doe 1, and Baldwin for housing Gonzalez in an unsanitary/unsafe cell and for placing two inmates in a cell designed for only one, with limited exercise opportunities outside of the cell.

**Count 2 –** Eighth Amendment deliberate indifference claim against Wexford, Butler, Baldwin, John Doe 1, John Doe 2, Jane Doe, John Doe 4 and Baldwin, for failure to adequately treat and/or delayed treatment of Gonzalez's injured thumb.

(Doc. 10, p. 21).

Defendant Wexford filed a motion for summary judgment in January 2018, arguing that Gonzalez failed to exhaust his administrative remedies prior to filing suit (Docs. 29, 30). Gonzalez filed a response in opposition to the motion (Doc. 32). On April 18, 2018, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court, in which he concluded that Gonzalez fully exhausted his administrative remedies regarding Count 1. As to Count 2, Magistrate Judge Wilkerson found that the grievance process was not available to Gonzalez and therefore Defendants had not met their burden of proving failure to exhaust administrative remedies (Doc. 35).

Objections to the Report and Recommendation were due on or before May 7, 2018. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objection was filed. Where neither timely nor specific objections to the Report and Recommendation are made, the Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may

then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has reviewed Magistrate Judge Wilkerson's Report and Recommendation and finds there is no clear error in his findings of fact or conclusions of law. Accordingly, the Report and Recommendation (Doc. 34) is **ADOPTED** in its entirety. The motion for summary judgment filed by Wexford (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   May 25, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**